**In re Robert Gene GRANT, Debtor.**

**Jamie Means, Plaintiff,**

v.

**Robert Gene Grant, Defendant.**

**Bankruptcy No. 04–21801.
Adversary No. 04–2085.**

United States Bankruptcy Court,
D. Wyoming.

Oct. 28, 2005.

Stephen R. Winship, Casper, WY, for Debtor.

## OPINION ON COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

PETER J. McNIFF, Bankruptcy Judge.

On October 3, 2005, the court held a trial on the Amended Complaint for Determination of Dischargeability of Certain Debt and Objection to the Discharge of Debtor under 11 U.S.C. § 727 filed by Jamie Means. Ms. Means appeared through her counsel Phillip T. Willoughby. The defendant/debtor, Robert Gene Grant (Debtor), appeared through his counsel Stephen R. Winship. The 11 U.S.C. § 727 claim for relief was dismissed on August 19, 2004.

### Jurisdiction

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 & 1334. The claim is brought pursuant to 11 U.S.C. § 523(a)(15) and is a core proceeding under 28 U.S.C. § 157(a)(2)(I).

### Findings of Fact

*Divorce Obligations*

This dispute originates from the parties' divorce, established by a Judgment and Decree of Divorce (Decree) entered September 15, 2003 by default against the Debtor. The parties continue to litigate the default divorce in state court. The Decree provides for custody and support of the couple's minor child and a division of property and marital debts. The relevant provisions of the Decree are:

DEBTS

. . .

2. DEFENDANT [Debtor] shall pay the following debts and save and hold PLAINTIFF [Ms. Means] harmless therefrom and defend her from any claims therefore and indemnify her for any liability thereon, including litigation costs and attorney fees incurred by her defending any claim and in any action by her against DEFENDANT for indemnification:

a. All credit card debt in his name;

b. All medical bills for services to him;

c. All debt secured by property set over to him herein;

d. All debt related to Grant Well Service, the shop and five (5) acres;

e. Greg Pasek, Accountant (for 2002 tax return for Defendant and Grant Well Service); and

f. All debt incurred by him since March 1, 2003.

## INSURANCE

1. DEFENDANT is the insuring parent and shall maintain a reasonably comprehensive policy of health and accident insurance covering the minor child.

. . .

3.(b). If DEFENDANT does not maintain insurance as required, he shall pay all health care expenses of the child.

Ms. Means claims the Debtor owes her $2,820 for medical expenses incurred for the couple's son. She also paid $28,345 for Grant Well Service debts which fall under the indemnification clause of the Decree. Those joint obligations included a $3,553 debt on a Ford truck owned by Grant Well Service and a deficiency judgment of $7,918.13. Also, the net proceeds of $16,874 from the sale of the residence Ms. Means received under the Decree were paid to satisfy liens filed for Grant Well Service debts.

*Parties' Financial Situations*

Neither of the parties' testimony reconciled completely with the documentary evidence admitted to establish their income and expenses. Ms. Means' current income consists of earnings of $1,900 per month and child support from the Debtor of $542 per month for a total of $2,442. Her net income after taxes is approximately $1,900 per month.

Ms. Means' monthly expenses total $2,109 and include a $475 per month payment on a loan she incurred to pay some of the debts for which she now seeks indemnification from the Debtor. Ms. Means also makes a loan payment for a new boat in the amount of $420 per month. The shortfall in her budget is paid by her boyfriend, with whom she resides. Ms. Means drives a 2004 Suburban owned and paid for by her boyfriend.

The Debtor's written income information submitted at trial shows a net monthly income of $2,475. The income was based on an hourly rate of $16 earned driving a haul truck for Manpower, and some overtime at time and a half. However, by the time of the trial, the Debtor was driving the same haul truck for the Powder River Coal Company and earning a higher hourly rate, i.e., $19.55. The Debtor testified that his "bottom line" income is the same regardless.

The Debtor was working a 32-hour week at regular time alternating with a 48-hour week, that included eight hours overtime. However, the overtime has been cut back. The Debtor may only receive 80 hours straight time in the future. Calculated over 26 pay periods, the Debtor's monthly income varies from $3,388 to $3,610. If the withholding rate is the same as when he was employed for Manpower, i.e., 34%, the Debtor's monthly income will vary from $2,237 to $2,416, depending on the availability of overtime. Thus, the "bottom line" is the same.

The Debtor's monthly expenses are reasonable and total $2,147. This figure does not include attorney fees of $200 per month incurred in the ongoing domestic relations dispute, a recent rent increase of $60 per month, and higher transportation expenses of at least $150. The debtor owns no property to speak of. Additionally, the Debtor has no excess income to pay a $26,000 nondischargeable federal tax obligation or to negotiate a repayment plan.

The Debtor has an inoperable vehicle and drives his girlfriend's car to the mine. He makes no contributions to his retirement plan. The Debtor budgets $50 per month for food and $40 per month for clothing. However, the Debtor's girlfriend lives with him, and her contributions to the budget, if any, were not disclosed.

## Conclusions of Law

Ms. Means is seeking an exception to the Debtor's discharge of the debts totaling $31,165 under 11 U.S.C. § 523(a)(15). The section provides two exceptions to the presumption of nondischargeability of marital debts which are not support. A debtor is not discharged from any debt incurred in the course of a divorce unless:

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . .; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

■ The creditor has the burden to prove by a preponderance of the evidence that the debt is not dischargeable. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). Under § 523(a)(15), the creditor has the burden of proving the existence of a marital debt.

■ The Bankruptcy Code, under § 523(a)(15), sets up a rebuttable presumption that the debt is nondischargeable. Consequently, the majority of courts addressing the issue has ruled the debtor has the ultimate burden to show the applicability of either or both exceptions. *In re Crosswhite*, 148 F.3d 879 (7th Cir.1998); *In re Slover*, 191 B.R. 886, 891 (Bankr. E.D.Okla.1996). The bankruptcy courts in the Tenth Circuit have generally adopted this allocation of the burden of proof. *See, e.g., In re Hammond*, 236 B.R. 751, 766 (Bankr.D.Utah 1998).

■ Under § 523(a)(15)(A), the Debtor must show that he does not have the ability to pay the debt. In this case, the court concludes the Debtor has no excess income or property from which to pay the obligation. Even when he is earning overtime pay, which he testified is no longer likely, his income is insufficient.

■ Because the Debtor does not have the ability to repay the debt, an analysis under § 523(a)(2)(B) is unnecessary. However, even under that subsection discharging the debt outweighs the detriment to Ms. Means. Ms. Means is current on the loan payment and has already satisfied the third party creditor claims arising out of Grant Well Service. She is in a better financial situation than is the Debtor.

The court will issue a judgment discharging the obligations. Ms. Means did not plead a § 523(a)(5) claim for relief with regard to the Debtor's failure to provide medical insurance for the minor child and the resulting expenses. However, to the extent such a claim is determined by a state court to be in the nature of support, that debt would not be discharged despite this opinion and judgment.